IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID IVEY, | ) | CASE NO. 8:12CV61 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| WILLIAM R. GIBSON, and | ) | |
| TYLYNNE BAUER, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 5.) Respondents filed a Brief and State Court Records in support of their Motion. (Filing Nos. 6 and 7.) In response, Petitioner David Ivey ("Ivey") filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition") and a Brief in Opposition. (Filing Nos. 9 and 11.) The court considers Ivey's Amended Petition supplemental to, rather than superseding, Ivey's original Petition for Writ of Habeas Corpus ("Petition"). *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading."). As set forth below, Respondents' Motion for Summary Judgment is granted.

## I. BACKGROUND

The court takes judicial notice of the relevant state court records filed in *Ivey v. Gibson, et al.*, 4:07CV3242 (D. Neb.). In *Ivey*, this court dismissed Ivey's Petition for Writ of Habeas Corpus without prejudice because Ivey had not exhausted his claims in state

court. (4:07CV3242, Filing No. 69.)[1]  See *Ivey v. Gibson*, 2008 WL 5392136, *4 (D. Neb. Dec. 19, 2008)*.

Ivey is currently confined in the Norfolk Regional Center in Norfolk, Nebraska. (Filing No. 1 at CM/ECF p. 1.) He was convicted of sexually assaulting a child in 2003 in the District Court of Douglas County, Nebraska. For this crime, the court sentenced Ivey to imprisonment for a period of five years to five years, with credit for three days of time served. (4:07CV3242, Filing No. 49-5 at CM/ECF p. 1.)

Following Ivey's release from prison in 2006, the Mental Health Board of the Fourth Judicial District ("mental health board") determined that Ivey was a dangerous sex offender within the meaning of Nebraska's Sex Offender Commitment Act. (4:07CV3242, Filing No. 49-7.) The mental health board ordered that Ivey be placed in the custody of the Nebraska Department of Health and Human Services for inpatient sexual offender treatment. (*Id.*) Ivey challenged the mental health board's decision in the Douglas County District Court, which denied relief. (4:07CV3242, Filing No. 49-5.) Ivey appealed the Douglas County District Court's decision to the Nebraska Court of Appeals. However, before the court could consider the appeal, Ivey moved to dismiss it. (4:07CV3242, Filing No. 49-3 at CM/ECF p. 2.) The Nebraska Court of Appeals sustained Ivey's motion, and dismissed the appeal on January 11, 2008. (*Id.*)

On June 12, 2009, Ivey asked the mental health board to reconsider its decision regarding his commitment. *In re Interest of D.I.*, 799 N.W.2d 664, 667 (Neb. 2011). The mental health board denied relief. *Id.* Ivey appealed the mental health board's decision

---

[1]References to the record in Case Number 4:07CV3242 will include the case number in the citation (e.g., "4:07CV3242, Filing No. 1"). References to the record in this case will not include the case number in the citation (e.g., "Filing No. 1").

2

to the Douglas County District Court, which also denied relief. *Id.* at 668. Ivey then appealed the Douglas County District Court's decision to the Nebraska Supreme Court, which found the State had presented clear and convincing evidence that Ivey remained a dangerous sex offender, and that secure inpatient treatment was the least restrictive treatment alternative. *Id.* at 672-673.

Ivey filed a Petition in this court on February 10, 2012, and an Amended Petition on May 31, 2012. (Filing Nos. 1 and 9.) These petitions generally challenge the mental health board's 2006 and 2009 determinations that Ivey is a dangerous sex offender and secure inpatient treatment is the least restrictive treatment alternative.

## II. ANALYSIS

Respondents argue they are entitled to summary judgment because Ivey did not fairly present any federal constitutional claims to the state courts before seeking federal habeas relief. As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

3

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. In order to fairly present a federal constitutional claim to the state courts, the petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), (internal quotation marks and citation omitted).

**A.      Discussion of Ivey's 2006 Claims**

In Claims One, Two, and Three of the Petition and Amended Petition, and Claim Six of the Amended Petition, Ivey challenges the mental health board's 2006 commitment order. (Filing Nos. 1 and 9.)

Under Nebraska's Sex Offender Commitment Act, "[t]he subject of a petition [for commitment] or the county attorney may appeal a treatment order of the mental health board . . . to the district court. . . . A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases." Neb. Rev. Stat. § 71-1214. Accordingly, "the prosecution of an appeal to the Nebraska Court of Appeals, and a petition to the Nebraska Supreme Court for further review, are required for exhaustion of state court remedies by one challenging a commitment under [Nebraska's Sex Offender] Act, unless the exception in 28 U.S.C. § 2254(b)(1)(B)(ii) applies." *Ivey*, 2008 WL 5392136, at *4.

4

Here, Ivey did not prosecute an appeal to the Nebraska Court of Appeals or a petition for further review to the Nebraska Supreme Court. Ivey appealed the Douglas County District Court's order to the Nebraska Court of Appeals, but shortly thereafter, moved for dismissal of the appeal. (*See* 4:07CV3242, Filing No. 49-3 at CM/ECF p. 2.) Thus, Ivey did not exhaust the remedies available to him in the Nebraska state courts. In addition, he has not demonstrated that circumstances existed that rendered Nebraska's appellate review process ineffective to protect his rights. Finally, Ivey has not argued cause and prejudice to excuse the procedural default of these claims. Accordingly, these claims are dismissed. See *Ivey*, 2008 WL 5392136, at *4 (dismissing similar claims because Ivey failed to exhaust state court remedies)

**B.     Discussion of Ivey's 2009 Claims**

In Claim Four of Ivey's Petition and Amended Petition, and Claims Five and Six of Ivey's Amended Petition, Ivey challenges the mental health board's 2009 commitment order. (Filing Nos. 1 and 9.) Section 28 U.S.C. § 2254 sets forth that a petition for writ of habeas corpus must allege that the petitioner "is in custody in violation of *the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added).

Ivey appealed the mental health board's 2009 decision to the Douglas County District Court and the Nebraska Supreme Court, but he did not raise any federal constitutional claims. On appeal to the Nebraska Supreme Court, Ivey argued only that (1) the mental health board erred in finding him a dangerous sex offender as defined by Neb. Rev. Stat. § 83-174.01, and (2) the mental health board erred in finding that secure inpatient treatment was the least restrictive treatment alternative under Neb. Rev. Stat. § 71-1209. (Filing No. 7-1 at CM/ECF p. 4.) In other words, Ivey failed to raise the federal constitutional claims he raises in his Petition and Amended Petition in the Nebraska state

5

courts. Thus, he did not give the state court a full and fair opportunity to resolve the federal constitutional claims before raising them in this court. In addition, he has not argued cause and prejudice to excuse the procedural default of these claims. Accordingly, these claims are dismissed.

The court has disposed of all of Ivey's claims, and will dismiss this matter in its entirety. However, the court will do so without prejudice to reassertion because Ivey may challenge his confinement at a later time if he exhausts his state remedies following a mental health board's new or modified treatment order under Nebraska's Sex Offender Commitment Act.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary (Filing No. 5) is granted. This matter is dismissed without prejudice to reassertion;

2. Ivey's Motion for Leave to File Amended Petition (Filing No. 8) and Motion to Consider Brief in Opposition (Filing No. 10) are granted to the extent they are consistent with this Memorandum and Order; and

3. A separate judgement will be entered in accordance with this Memorandum and Order.

DATED this 21st day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.